No. 04-533

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 159N

EVELYN PICKETT,

      Plaintiff and Respondent,

   v.

U.S. BANCORP PIPER JAFFRAY, INC.,
THOMAS J. O'NEILL, ROBERT ENGLISH and JOHN DOES I through X,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Second Judicial District,
In and for the County of Silver Bow, Cause No. DV 2002-242
The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Stanley T. Kaleczyc, Brand G. Boyar, Browning, Kaleczyc, Berry & Hoven,
P.C., Helena, Montana; John S. Lutz, Fairfield and Woods, P.C., Denver,
Colorado

      For Respondent:

            William P. Joyce, Joyce & Johnson, PLLP, Butte, Montana

Submitted on Briefs:  May 3, 2005

Decided: June 28, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    U.S. Bancorp Piper Jaffray, Inc., and Robert English (collectively "Piper") appeal an Order of the District Court for the Second Judicial District, Silver Bow County.  Defendant Thomas J. O'Neill is a former Piper employee and is not a party to this appeal.  The District Court denied Piper's motion to compel arbitration of claims filed against Piper by Evelyn Pickett ("Pickett").  We affirm.

¶3    This case is one of twenty-three different lawsuits filed by individual investors of Piper involving the alleged mismanagement of the investors' accounts in Piper's branch office in Butte.  In Pickett's case, the parties agreed to the filing of her deposition in lieu of her testimony at the hearing.  The District Court found that O'Neill was Pickett's broker before O'Neill came to Piper, and Pickett relied upon O'Neill to explain the significance of any documents presented for her signature.  Pickett opened an IRA with Piper in 1985, and the IRA agreement did not contain an arbitration provision.  In 1998, Pickett desired to convert the IRA to a Roth IRA, and O'Neill presented paperwork for her to sign.  He did not inform her that the new agreement contained an arbitration provision, and Pickett did not

2

know what arbitration was. By signing the new agreement, Pickett believed that she was simply converting her IRA to a Roth IRA.

¶4 Pickett also signed a "co-owner account agreement" in 1991, of which she never received a copy. In 1994, Piper initiated a change to that agreement and had Pickett sign a PAT Plus Account Agreement. O'Neill presented her with the PAT Plus Account Agreement and Pickett signed it without reading it. In 1998, Pickett and her husband separated and they separated their assets, including a joint Piper account. Pickett relied upon O'Neill to effectuate that change for her, and she signed another PAT Plus Account Agreement at O'Neill's request. This document contained both an arbitration provision and a clause granting Piper broad discretion to purchase and sell account assets without Pickett's approval. O'Neill never explained this provision, nor did he explain that by signing any of the agreements Pickett was waiving her right to access the courts.

¶5 These facts and the issues arising from them are substantially identical to those presented in *Willems v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 37, ¶ 22, 326 Mont. 103, ¶ 22, 107 P.3d 465, ¶ 22, in which we held that a clause in a PAT Plus Account Agreement granting Piper broad discretion over an investor's holdings creates a fiduciary duty. *Willems* further held that because of the fiduciary duty, Piper was obligated to advise the investor of the consequences of the arbitration clause prior to the formation of the contract, and that because Piper did not, the arbitration clause was unenforceable. *Willems*, ¶¶ 25, 28.

3

¶6     We have determined to decide this case pursuant to our Order dated February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.

¶7     We conclude that, in light of *Willems*, this case is clearly controlled by settled Montana law.  Therefore, we affirm the District Court's conclusion that Piper owed a fiduciary duty to explain the arbitration provision to Pickett, that it breached that duty, and therefore, the pre-dispute arbitration provisions are unenforceable.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JOHN WARNER
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ JIM RICE